(13 Misc. Rep. 212.)

### LAMB v. O'REILLY.

(Common Pleas of New York City and County, General Term.  June 27, 1895.)

1. CONVERSION—PROPERTY HELD AS SECURITY.
   It is a conversion of property where defendant, to whom it was delivered as security for a loan, exercises dominion over it inconsistent with his special right of possession.

2. SAME—DAMAGES.
   Damages for conversion of property by one to whom it is delivered as security are to be proved by showing its value at the time of delivery, it not being disclosed as of the time of the conversion.

Appeal from Fifth district court.

Action by James Lamb against John O'Reilly.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James A. Donegan, for appellant.

Jacob Levy, for respondent.

BISCHOFF, J.  Plaintiff brought this action for the conversion of a wagon, wagon robe, and harness, and recovered a judgment for $40.  Defendant claimed to hold the chattels as security for the repayment of a loan of $30 made to defendant's son; the latter being in charge of the plaintiff's livery stable business, and having delivered the property in question to the defendant.  This delivery was made in June, 1894, return demanded by plaintiff in September, 1894, and the action brought in February, 1895, the chattels being still in the possession of the defendant.  It was shown on behalf of the plaintiff that the wagon, when seen within a week of the trial, was worth no more than $5, by reason of its condition; and the evidence supports a finding that defendant, by the use to which he put the wagon, exercised dominion over it inconsistent with the special right of possession existing by virtue of the lien.  Thus there was a conversion at the date when such dominion was exercised, irrespective of the date of demand.  26 Am. & Eng. Enc. Law, pp. 741, 742, and cases cited.  And it being undisclosed as to the date of such conversion, or the condition of the chattels at that time, the damage was properly to be proven by showing the value at the date when possession was given to the defendant.  Id. pp. 827, 828.  From the proof a fair inference is to be drawn that this value was between $70 and $75, and we may support the judgment upon the assumption that defendant's counterclaim for $30 was allowed.  The weight of the evidence is not found to be against the respondent.

Judgment affirmed, with costs.  All concur.